UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                    Case No.  4:18-cv-411-MW/MJF

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS, et
al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Pending before this court is the Plaintiff's Amended Complaint (Doc. 10), and his motion to proceed *in forma pauperis*. (Doc. 11). Plaintiff claims that Florida Department of Corrections officials violated his Eighth Amendment right to be free of cruel and unusual punishment by housing him with inmates who smoke tobacco. (Doc. 11). After consideration of the issues raised by the Plaintiff, as well as Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

I. **Background**

Plaintiff, an inmate of the Florid Department of Corrections, commenced this civil rights case in the Middle District of Florida by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). The Middle District transferred the case to the Northern District of Florida. (Doc. 2). Upon preliminary review of the Plaintiff's complaint, Magistrate Judge Gary R. Jones ordered the Plaintiff to file an amended complaint using the Northern District of Florida approved civil rights complaint form. (Doc. 5).

On November 8, 2018, the Plaintiff filed his amended complaint. (Doc. 10). In his complaint, Plaintiff seeks $30 million in damages from officials at the Madison Correctional Institute and the Secretary of the Florida Department of Corrections. (Doc. 10). Plaintiff claims that the defendants violated his Eighth Amendment rights by housing the Plaintiff with inmates who smoke tobacco. (Doc. 10 at 5). Plaintiff did not pay the filing fee. Rather, he moved to proceed *in forma pauperis*. (Doc. 11).

II. **Discussion**

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "generally authorizes courts to waive ordinary filing fees for an indigent litigant seeking to bring a lawsuit." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014) (citing 28 U.S.C. § 1915(a)(1)). In light of "widespread concerns that inmates had been flooding the

courts with meritless claims, Congress enacted the Prison Litigation Reform Act (PLRA)." *Id.* The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) ("Congress [in enacting the 'three strikes' provision] was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system.").

In pursuit of that goal, 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statute does not banish such litigants from the courthouse. Rather, a prisoner who is no longer entitled to proceed *in forma pauperis* simply must pay the filing fee at the time he initiates his lawsuit. *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003) ("This does not mean he cannot proceed in any civil suit; it just means he must pay a filing fee unless he meets the imminent danger statutory exception."). Failure to pay the filing fee warrants dismissal. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates his suit).

### A.   **Plaintiff's History of Federal Litigation**

In addition to the case at bar, the Plaintiff has filed at least six civil actions in federal courts in Florida. Five were dismissed for failure to state a claim upon which relief may be granted, and one was dismissed based on its frivolity:

- *Hart v. Sheriff Grady Judd,* 8:11-cv-159 (M.D. Fla. August 10, 2011) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii));

- *Hart v. Assistant Warden*, 1:15-cv-21257-DPG (S.D. Fla. August 31, 2015) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii));

- *Hart v. Hayes*, 1:16-cv-21395-UU (S.D. Fla. May 10, 2016) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii));

- *Hart v. Knight*, 8-16-cv-1337-T-33JSS (M.D. Fla. June 3, 2016) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii));

- *Hart v. United States*, 1-16-cv-21889-FAM (S.D. Fla. July 29, 2016) (dismissing Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii)); and

- *Hart v. Florida*, 8:13-cv-02533-JSM-MAP (M.D. Fla. October 4, 2013) (dismissing Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

Each of these cases qualifies as a "strike" for purposes of § 1915(g), and each was dismissed prior to August 3, 2018, the date Plaintiff filed the instant case. (Doc. 1). Therefore, Plaintiff is precluded from litigating this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Ciarpaglini*, 352 F.3d at 329.

### B.     The "Imminent Danger of Serious Physical Injury" Exception

As noted above, there is a narrow exception to the rule precluding a litigant with "three strikes" from proceeding *in forma pauperis*; namely, when a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). To fall within this exception, a complaint at a minimum must allege that the plaintiff is in "imminent danger of

serious physical injury." *Brown*, 387 F.3d at 1350. A mere conclusory assertion of imminent danger is insufficient, however. *See Ciarpaglini*, 352 F.3d at 331; *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Stated another way, to qualify under this exception, the complaint must contain specific factual allegations of ongoing serious physical injury, or of pattern of misconduct reflecting a likelihood of imminent serious physical injury. *See Martin*, 319 F.3d at 1050.

A claim by a prisoner that he *previously* was in imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception was not triggered when a threat of assault by other prisoners ceased to exist prior to filing the complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and when a threat is "real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See Pinson*, 761 F.3d at 4; *Martin*, 319 F.3d

at 1050; *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999).

Construed liberally, Plaintiff's amended complaint lacks a sufficient allegation of imminent danger. Specifically, he has not credibly alleged that that the tobacco smoke to which he allegedly was exposed poses a threat of imminent and serious danger. Although each complaint must be assessed on its own merits, other courts have similarly found that allegations regarding exposure to tobacco smoke do not rise to the level of imminent danger. *See Word v. Annucci*, No. 09-CV-8983, 2010 WL 2179954, *2 (S.D.N.Y. May 27, 2010) (finding that the plaintiff did not plead any facts that plausibly suggest she was in imminent danger of serious physical injury from tobacco smoke); *Wells v. Smead*, No. 1:08-CV-1220, 2009 WL 198807, *2 (W.D. Mich. Jan. 26, 2009) (holding that the prisoner's allegation did not rise to imminent danger when he alleged that he was subjected to tobacco smoke); *Clay v. Hofbauer*, No. 2:08-CV-175, 2008 WL 4534414, *2 (W.D. Mich. Sept. 29, 2008) (holding that the prisoner, with a history of respiratory problems, did not present sufficient allegations to show he faced imminent danger of serious physical injury to proceed *in forma pauperis* when he complained of exposure to tobacco smoke).

Notably, Plaintiff has not alleged any particularize harm he is likely to suffer. Although he alleges he has been housed with smokers of tobacco products from May 8, 2018, to present, Plaintiff failed to show imminent danger. For example, he did

not specifically allege when he is/was subjected to tobacco smoke, the frequency and duration of periods he is/was subjected to tobacco smoke, or even how many inmates are/were smoking in his vicinity. Indeed, Plaintiff's only allegation regarding the harm he purportedly will suffer is the conclusory statement that he is "in danger of serious physical injury." (Doc. 10 at 5). As noted above, a conclusory assertion of imminent danger is insufficient to bring a plaintiff within the exception. *See Ciarpaglini*, 352 F.3d at 331 ("Courts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.") *Martin*, 319 F.3d at 1050; *White*, 157 F.3d at 1231. This is particularly true when the gravamen of the complaint is exposure to tobacco smoke. *See Simmons v. Blunt*, No. 2006 WL 3197442, *2 (W.D. Mo. Nov. 2, 2006) (dismissing claim because the plaintiff alleged no serious harm to himself other than that generally associated with tobacco smoke).

Also, this is not the first time that the Plaintiff has attempted to overcome the three strikes rule with a conclusory assertion of imminent danger. On June 21, 2018, the Plaintiff filed a nearly identical complaint in this district. *See Hart v. Secretary, Florida Dept. of Corrections*, Case No. 4:18-cv-322-RH/CAS, 2018 WL 4472887 (N.D. Fla Aug. 13, 2018). The district court dismissed Plaintiff's claim based on the report and recommendation of the magistrate judge, which found that Plaintiff had not sufficiently alleged facts to show that he was entitled to *in forma pauperis* status

under the imminent danger exception. In his previous case, the magistrate judge held that Plaintiff's allegation that he was constantly surrounded by smokers was insufficient to allege imminent danger because he had not alleged any facts indicating the quantity of smoke to which he is exposed, how many persons are smoking near him, or when these persons smoke around him. *Id.* at *4. Additionally, the magistrate judge took judicial notice that "Department Rules prohibit 'the use of any tobacco products . . . in all indoor areas of any building or office within a state correctional facility,'" and that such rules have been in place since 2013. *See id.* (citing Fla. Admin. Code R. 33-401.401(2)(a)). Plaintiff has not addressed that regulation in this case.

Accordingly, Plaintiff is not entitled to proceed *in forma pauperis* based on his six "strikes" and his failure to establish that he is under imminent danger of serious physical injury. In light of this, and because he has not paid the $400.00 filing fee, this action should be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236.

## III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. the Plaintiff's motion to proceed *in forma pauperis* (Doc. 11) be **DENIED**; and

2.       this case be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

In Pensacola, Florida, this <u>13th </u>day of December 2018.

<u>/s/ *Michael J. Frank*              </u>
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636**.